OPINION
{¶ 1} Appellant Mildred Strait, the natural mother of Hailey Barker, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found her minor daughter, then age five months, to be a dependent child. Appellant assigns two errors to the trial court:
 {¶ 2} "The magistrate's decision allowing Dr. Bellow to testify at the evidentiary hearing to prove dependency was contrary to the applicable law.
 {¶ 3} "The judgment of the trial court that baby Hailey was a dependent child was against the sufficiency of the evidence."
 {¶ 4} The record indicates Hailey Barker was born on December 12, 2002. On December 14, 2002, Stark County Department of Jobs and Family Services filed a complaint alleging the child was dependent and neglected. The case was subsequently dismissed, and re-filed on February 25, 2003. The court found probable cause to maintain the child in the emergency temporary custody of DJFS.
 {¶ 5} Appellant objected to the order placing the child in shelter care, and the magistrate to whom the case was referred conducted an evidentiary hearing. The magistrate found the child to be dependent.
 I {¶ 6} In her first assignment of error, appellant argues the court should not have permitted Dr. Bellow to testify regarding her prior social history, and also that the matters to which Dr. Bellow testified were confidential.
 {¶ 7} Appellee's complaint alleged the mother appeared to be mentally delayed, had lost custody of two other children, a history of homelessness and/or poor home conditions, a history of lack of case plan compliance, and an inability to care for the two young children she had lost in a previous case in Wayne County.
 {¶ 8} Dr. Bellow testified he performed a standard competency evaluation pursuant to a referral from the court.
 {¶ 9} Dr. Bellow testified he performed various psychological tests, and found appellant had minimal competence to solve problems and to reason. He found her competent to be employed and to be responsible for her own behavior. He testified appellant was free of any significant psycho-pathology.
 {¶ 10} Dr. Bellow testified during the interview he conducted with appellant, she mentioned homelessness, neglect, malnourishment, and an inability to finish the case plan, all of which caused her other children to be adopted by other parties. The doctor noted she was homeless during the interview, but was now living with a friend. Dr. Bellow stated he believed she had not really established any stability either in her residence or her employment.
 {¶ 11} Dr. Bellow testified appellant did not have drug or alcohol problems, or a history of violence. Nevertheless, appellant had demonstrated a lack of independence and an inability to take care of herself. On cross, counsel asked Dr. Bellow whether he considered appellant to be employed in her current situation, wherein she was living in another person's home and acting as a nanny to the children. Dr. Bellow said he would not consider those circumstances employment.
 {¶ 12} On cross examination, appellant admitted her children had been taken away from her because she had made a mistake and not taken care of them, including not getting her daughter "her shots". Appellant also admitted she had not completed her case plan at the time, and her children were ultimately adopted out. Thereafter, she and her husband became homeless and lived in homeless shelters or here and there. Appellant was briefly jailed for non-payment of child support.
 {¶ 13} Appellant testified she had been living with the Brice family and acting as a nanny to their children. However, the Brices were filing for bankruptcy, and had moved to North Carolina. Appellant testified she would soon have to leave the Brice's Ohio home, but intended to go North Carolina, live with the Brices, help with the children, and also get a job.
 {¶ 14} Appellant conceded she did not have any income at the time of hearing, and had not followed up with applications to get into Metropolitan Housing or into the YWCA.
 {¶ 15} Appellant did not attend the hearing on her objections to the magistrate's decision.
 {¶ 16} Juv. R. 32 permits the trial court to order and utilize the social history or physical and mental examination at any time after the filing of a complaint where a material allegation of a neglected, dependent, or abused child complaint relates to matters a history or evaluation may clarify. Until there is an adjudication, the examinations ordered shall be utilized only for the limited purpose specified in the statute.
 {¶ 17} Appellant argues the only material allegation in the complaint which needed clarification was the allegation that the mother appears to be mentally delayed.
 {¶ 18} We do not agree. The complaint makes various allegations with regard to the mother's past difficulties with parenting and with stable housing, all of which Dr. Bellow's testimony clarified for the court.
 {¶ 19} Regarding appellant's argument the information Dr. Bellow gathered during the course of psychological testing was confidential, the case of In Re: Jones, 99 Ohio St.3d 203, 2003-Ohio-3182, 790 N.E.2d 321
is helpful. The court found Sub-House Bill No. 506, effective April 10, 2001, permits licensed psychologists to testify in a civil action concerning court ordered treatment or services received by a patient if the treatment or services were ordered for or necessary and relevant to dependency, neglect, or abuse proceedings under R.C. 2151.
 {¶ 20} We find the trial court did not abuse its discretion in permitting Dr. Bellow to testify as he did.
 {¶ 21} The first assignment of error is overruled.
 II {¶ 22} In her second assignment of error, appellant argues the judgment of the trial court was against the sufficiency of the evidence.
 {¶ 23} R.C. 2151.04 defines a dependent child as:
"As used in this chapter, "dependent child" means any child:
"Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;
(B) "Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;
(C) "Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;
(D) "To whom both of the following apply:
"The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
"(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 24} Determinations that a child is dependent must be supported by clear and convincing proof, see R.C. 2151.35 and Juv. R. 29. Our standard of reviewing a challenge to a finding of neglect is to determine whether the trier of fact had sufficient evidence before it to satisfy the degree of proof. Clear and convincing evidence is evidence which will produce in the mind of the trier of fact a firm belief as to the facts sought to be established, see In Re: Weaver (1992), 79 Ohio App.3d 59. Adequate parental care as used in the definition of dependent child means the provision of adequate food, clothing, and shelter to insure the child's health and physical safety, In Re: Riddle, 79 Ohio St.3d 259,1997-Ohio-391.
 {¶ 25} The evidence presented in support of the dependency allegations was that mother had a history of being unable to care for children and to provide for adequate housing for herself and her children. Appellant had few financial resources and had been unable to find employment. Appellant did not get routine medical treatment for her two previous children. Appellant had a history of depending upon other persons for her own maintenance, and was on the verge of losing her current residence. Psychological tests indicated a lack of efficacy, and a lack of independence. Dr. Bellow testified the pattern of appellant's behavior at the present time appeared to be similar to the same she had exhibited when she lost custody of her two older children.
 {¶ 26} At the hearing on appellant's objections to the magistrate's decision, the trial court inquired as to appellant's whereabouts, and learned appellant had left the state after the adjudication hearing and gone to North Carolina. Since then, appellant had not contacted JFS to visit with the child or inquire about the child's welfare.
 {¶ 27} We have reviewed the record, and we find there was sufficient, competent and credible evidence presented to the trial court from which the court could find by clear and convincing evidence appellant's minor child Hailey Barker was a dependent child.
 {¶ 28} The second assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.